STATE, Respondent, v. LEE, Appellant.

(187 N. W. 633.)

(File No. 4958.   Opinion filed April 10, 1922.)

1. Criminal Law—Rape—Prosecutrix's Testimony of Commission of Crime, Sufficiency of if Believed by Jury.

Where, on trial of defendant for rape committed upon prosecutrix, a girl nearing the age of fourteen, she testified that the crime was accomplished at a certain time and place, held, the evidence was sufficient, if believed by jury, to sustain a verdict of conviction.

2. Same—Rape—Prosecutrix's Testimony Discredited by her Subsequent Letter, Alibi Through Disregarded Testimony of Another Woman—Sufficiency of Evidence.

Several months after trial and conviction of defendant for the crime of rape (and before motion for new trial was heard) prosecutrix wrote a letter to trial judge and later made affidavit to the effect that her testimony on her trial was false and that she had never had sexual intercourse with defendant. For

an alibi for defendant one S testified that she it was who was with defendant on the occasion in question; but her testimony was so discredited as to warrant jury and court in disregarding it, and held, that such alibi testimony being disregarded, trial court did not abuse discretion in denying new trial if it believed prosecutrix truly testified on the trial and lied upon the motion for new trial.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

The defendant Henry S. Lee, was convicted of the crime of rape, and he appeals. Affirmed.

*C. A. Kelley, James Byrnes,* and *O. S. Hagen,* for Appellant.

*Byron S. Payne,* Attorney General, and *E. D. Roberts,* Assistant Attorney General, for Respondent.

GATES, P. J. Defendant, aged 22, was convicted of the crime of rape upon a girl who was nearing the age of 14. Several months after the trial prosecutrix wrote a letter to the trial judge, and later made an affidavit to the effect that her testimony, given at the trial, was false and that she had never had sexual intercourse with defendant. These were before the court on the motion for new trial, which was denied. The defendant appeals from the judgment and order denying new trial and relies upon the insufficiency of the evidence to justify the verdict and upon the retraction made by prosecutrix.

Upon the trial the prosecutrix testified that the crime was accomplished at the pool hall of appellant's father in Huron, on the night of Thanksgiving day, 1919. There was enough evidence, if believed by the jury, to sustain the verdict.

[1, 2] For an alibi for defendant, one Alma Shaw, claiming to live in Council Bluffs, Iowa, testified that she arrived in Huron on the night of the alleged offense and left the next morning for Minneapolis, and that it was she who was with appellant in the pool room that night. Her testimony in regard to her travel to and from Huron was so discredited at the trial as to warrant the jury upon the trial, and the trial court upon the motion for new trial, in disregarding it in toto. That some female was with defendant at the pool hall is certain from the evidence. That such female must either have been the prosecutrix or the said Alma Shaw is also certain from the evidence. With the evidence of Alma Shaw disregarded, we cannot say that the trial court abused

its discretion in denying a new trial, if it believed that prosecutrix told the truth at the trial and lied upon the motion for new trial. The trial court had such superior advantage over this court in determining the credibility of the witnesses, and the outcome of the motion for new trial depended upon such credibility, that we do not feel justified in holding that it committed error in not granting a new trial.

The judgment and order appealed from are affirmed.